IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| STEPHEN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-01654-CRE |
| | ) | |
| vs. | ) | |
| | ) | |
| E. TICE, FACILITY MANAGER SCI SOMERSET; M. HOUSER, DSCS SCI SOMERSET; M. PYLE, CCPM SCI SOMERSET; MAJOR J. TILLER, SCI SOMERSET; MAJOR R. SNYDER, SCI SOMERSET; CAPTAIN M. BROTHERS, SCI SOMERSET; LT. TURNER, SECURITY SCI SOMSERSET; MS. HENDERSON, UNIT MANAGER SCI SOMERSET; MR. SHEARER, COUNSELOR SCI SOMERSET; C. SCHENCK, GRIEVANCE OFFICER SCI SOMERSET; R. GILMORE, FACILITY MANAGER SCI GREENE; M. ZAKEN, FACILITY MANAGER SCI GREENE; MR. BUZAS, DSFM SCI GREENE; MR. SWITZER, MAJOR SCI GREENE; MAJOR M. MALANOSKI, SCI GREENE; MR. LEGGETT, MAJOR SCI GREENE; MR. KENNEDY, CAPTAIN SCI GREENE; MR. JOHNSON, CSP SCI GREENE; LT. P. BRAUNLICH, SCI GREENE; MR. GUMBARVIC, STGMU UNIT MANAGER SCI GREENE; R. MCCUMBIE, UNIT MANAGER SCI GREENE; S. LONGSTRENGTH, UNIT MANAGER SCI GREENE; MR. RICHARDS, UNIT MANAGER SCI GREENE; MR. GUNTON, UNIT MANAGER SCI GREENE; MR. SIBANDA, UNIT MANAGER SCI GREENE; MR. COULEHAN, STGMU COUNSELOR SCI GREENE; MR. PHILLIPS, CORRECTIONS OFFICER SCI GREENE; MR. ESTE, CORRECTIONS OFFICER SCI GREENE; MS. COLE, CORRECTIONS OFFICER SCI GREENE; MR. PLUCK, SGT SCI GREENE; MS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

| | |
|---|---|
| SHAWLEY, GRIEVANCE OFFICER SCI GREENE; MS. GREENAWALT, GRIEVANCE OFFICER SCI GREENE; MR. SANTOYO, SCI GREENE; M. CAPOZZA, FACILITY MANAGER SCI FAYETTE; J. TREMPUS, DSFM SCI FAYETTE; S. MANKY, MAJOR SCI FAYETTE; P. AURANDT, UNIT MANAGER SCI FAYETTE; C. DISALVO, GRIEVANCE OFFICER SCI FAYETTE; R. HOUSE, GRIEVANCE OFFICER SCI FAYETTE; KERI MOORE, CHIEF GRIEVANCE OFFICER CENTRAL OFFICE; D. VARNER, CHIEF GRIEVANCE OFFICER CENTRAL OFFICE; B. RUDZIESKI, HEARING EXAMINER CENTRAL OFFICE; AND Z. MOSLAK, CHIEF HEARING EXAMINER CENTRAL OFFICE; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Stephen Parker is an inmate currently confined at the State Correctional Institution ("SCI") at Dallas and initiated this civil rights action by filing a motion for leave to proceed in forma pauperis and attached a complaint thereto. The allegations of the complaint pertain to Plaintiff's incarceration at SCI Somerset, SCI Greene and SCI Fayette and complain of his placement in restrictive housing and resurrect issues regarding prison life that he filed grievances for, including having his personal mail read, not being provided programming, denying plaintiff's visitation requests, reducing his phone calls, editing his emails to family, issuing misconducts, stealing his personal property, and charging him to ship his personal property between institutions, all of which occurred between October 29, 2018 and May 2021. Plaintiff has named forty-three defendants, all of whom are either employed or agents of the Pennsylvania Department of Corrections, SCI Somerset, SCI Greene or SCI Fayette. Plaintiff fashions the allegations in the complaint as a singular, seamless web.

The Court has conducted an initial prescreening of the complaint pursuant to 28 U.S.C. § 1915A and for the following reasons concludes that the claims in the complaint are too disparate in subject matter and parties to proceed in one lawsuit and therefore are in violation of the rules of joinder as set forth in Federal Rule of Civil Procedure 20. Rule 20(a)(2) defines the limit of defendants that can be joined to a single action. That rule specifies:

> (2) Defendants. Persons – as well as a vessel, cargo, or other property subject to admiralty process in rem – may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed.R.Civ.P. 20(a)(2) (emphasis added). Though the requirements of Rule 20(a) are to be liberally construed in the interests of convenience and judicial economy, "the policy of liberal application of rule 20 is not a license to join unrelated claims and defendants in one lawsuit." *Salley v. Wetzel*, 2013 WL 3157558, at *3 (M.D.Pa. June 20, 2013), *aff'd sub nom. Salley v. Sec'y Pennsylvania Dep't of Corr.*, 565 F. App'x 77 (3d Cir. 2014) (citing *Pruden v. SCI Camp Hill*, 252 F. App'x 436 (3d Cir. 2007)). The complaint fails to proffer sufficient factual allegations supporting the contention that the various actions and events taking place at SCI Somerset, SCI Greene or SCI Fayette constitute a single unified transaction or occurrence. Instead, Plaintiff's complaint identifies a series of discrete events, which could give rise to discrete cases; they do not show a single transaction or occurrence actionable in a single federal court complaint. *See Pruden*, 252 F. App'x at 438.

Accordingly, Plaintiff will be given an opportunity to choose the claims on which he will proceed: claims arising from events at SCI Somerset, SCI Greene or SCI Fayette. Moreover, Plaintiff may only include claims that are related to each other. "Unrelated claims against different

defendants belong in different suits, not only to prevent the sort of morass that . . . [a multiple]-claim, [multiple]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  The Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, also compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.  *Mincy v. Klem*, 2007 WL 1576444, at *1 (M.D.Pa. May 30, 2007).

Based on the foregoing, and in the interests of justice to this pro se litigant, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Plaintiff is granted until **October 31, 2023** to file an amended complaint which satisfies Rule 20.  Plaintiff is advised that the amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed.  Again, to the extent that Plaintiff believes that he has been subjected to more than one violation of his rights, and to the extent that these violations are unrelated to each other, he must file separate complaints addressing each violation along with separate motions to proceed in forma pauperis. "It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185 (M.D.Pa. 1992).  Plaintiff is advised that the failure to file an amended complaint will result in the court recommending that all counts from the original complaint be dismissed, except for the claims related to Plaintiff's placement in restrictive housing. If Plaintiff files an amended complaint that still fails to comply with Rule 20, the court will proceed only on the claims arising from his placement in restrictive housing and will recommend the dismissal of the remainder of his claims.

Plaintiff's amended complaint shall also adhere to the following instructions:

**A.     Caption and Heading**

The caption must include the name of the court, the parties, their capacities (*i.e.,* whether they are being sued in their individual or representative (official) capacity), and the title of the pleading (*i.e.,* Amended Complaint). Plaintiff must place his full name at the top left of the amended complaint and also list the names of each individual defendant. Plaintiff must name as defendants only those persons who are responsible for the alleged constitutional violation(s).[1]

**B.     Parties**

As the person initiating the lawsuit, Plaintiff must identify himself as such. Also, for <u>each</u> defendant named in the amended complaint, Plaintiff should that list that defendant's current address and description of employment (*i.e.,* Secretary, Superintendent, Corrections Officer, Grievance Officer, etc.).

**C.     Jurisdiction**

Because federal court is a court of limited jurisdiction, Plaintiff must inform the Court why the case should be heard in federal court rather than in state court or some other forum. If Plaintiff's action is generally one for a violation of civil rights, 42 U.S.C. § 1983 will normally be the basis for the claim. In order for Plaintiff's action to be heard in federal court under Section 1983, he must be able to show that the defendant(s), at the time of the claims alleged in the amended complaint, were acting under the authority or color of state law.

**D.     Statement of Claim**

---

[1] Plaintiff should only name defendants who had personal involvement in the alleged wrongdoing. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). If Plaintiff is unaware of a defendant's name, then he may list that defendant as a John/Jane Doe.

This is the time to present the facts of the case: what happened, where it happened, when it happened, how it happened, and who was involved. In this section, Plaintiff should write a summary of the facts relevant to this lawsuit. Additionally, any document referenced to in this section must be cited as an exhibit and attached at the end of the amended complaint.

In this section, Plaintiff must provide specific details of precisely how his civil rights were allegedly violated. He should note that, in civil rights cases, more than conclusory and vague allegations are required to state a cause of action under Section 1983. Plaintiff should clearly describe how each named defendant is involved in the alleged constitutional violation(s). Plaintiff should not include legal argument in his amended complaint. Citations to case law and other statutes are not appropriate in the complaint, but rather may be included in a response to a dispositive motion or at the time of trial. However, Plaintiff should be specific about the particulars of the event, each defendant's misconduct, and how such misconduct resulted in a violation or denial of the civil right at issue.

Where the amended complaint includes more than one incident, Plaintiff should clearly distinguish between them by preparing a separate description – usually a paragraph – for each incident. Each incident should be identified as a separate count, and each count must include appropriate facts and evidence in support of the claims made in the count. Each incident must be clearly and specifically described; it should include the relevant time, date. and location. Each incident description also should clearly identify the relevant defendant and what that defendant's role was in the incident. Additionally, the amended complaint should set forth factual allegations that, taken together, satisfy the elements of the cause of action.

Plaintiff should also note that courts have consistently held that a "prisoner's allegations of verbal harassment, unaccompanied by another injury, are not cognizable under § 1983." *Sears*

*v. McCoy*, 815 F. App'x 668, 670 (3d Cir. 2020) (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983) (explaining that mere threatening language and gestures of a custodial officer are not constitutional violations).

Plaintiff's opportunity to amend his complaint is not an invitation to enlarge the lawsuit by filing new allegations not related to the allegations in the original complaint or by adding defendants not related to the allegations in the original complaint. Plaintiff is cautioned that the inclusion of new allegations and claims unrelated to those set forth in the complaint will be considered a failure to comply with an Order of Court and may result in the dismissal of the amended complaint.

**E.     Injury**

Plaintiff must state as specifically as possible the actual injury suffered from the action of the defendants that resulted in the alleged civil rights violation. Simply stating that his civil rights have been violated is insufficient.

**F.     Request for Relief**

Plaintiff must describe for the Court the relief he is seeking as a result of this lawsuit. The relief requested must be related specifically to the injury suffered. However, Plaintiff should be aware that 42 U.S.C. § 1997e(e) limits a prisoner's ability to pursue a federal civil action for mental or emotional injuries suffered while in custody.

**G.     Exhaustion of Administrative Remedies**

Plaintiff should be aware that under 42 U.S.C. § 1997e(a), he must fully exhaust all available remedies that are available to him before pursuing a civil rights complaint concerning prison conditions.

**H.      Previous Lawsuits**

Plaintiff must alert the Court to any other case in which he was a party that may be connected with the case he is now filing. Plaintiff should inform the Court of any and all previously filed cases that include some of the same facts and events he relies on for this case.

**I.      Declaration Under Penalty of Perjury**

Federal Rule of Civil Procedure 11 provides that every pleading, written motion, and other paper must be signed by an individual attorney of record or by the *pro se* party. Therefore, Plaintiff must sign his amended complaint and when doing so he is making a declaration under law to the Court that everything in the amended complaint is true.

## ORDER OF COURT

AND NOW, this 21st day of September, 2023, in accordance with the foregoing Memorandum, it is hereby ORDERED that Plaintiff is granted until **October 31, 2023** to file an amended complaint which satisfies Rule 20 of the Federal Rules of Civil Procedure. Failure to file an amended complaint will result in the court recommending that all counts from the original complaint be dismissed except for the claims related to his placement in restrictive housing.

Plaintiff's motion to proceed in forma pauperis is held in abeyance pending the submission of Plaintiff's amended complaint. Plaintiff is advised that no further action will be taken in this case until the amended complaint is received by the court.

BY THE COURT:

s/Cynthia Reed Eddy
United States Magistrate Judge

cc: Stephen Parker
    GU-1465
    SCI DALLAS
    1000 Follies Road
    Dallas, PA 18612