IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHEN PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 23-cv-1654 |
| | ) |
| E. TICE, FACILITY MANAGER | ) |
| SCI SOMERSET, *et. al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. On February 8, 2024, the Magistrate Judge issued a Report and Recommendation, recommending that Plaintiff Stephen Parker's Motion for Leave to Proceed *in forma pauperis* (ECF No. 1) be granted, that his Amended Complaint (ECF No. 10) be dismissed pursuant to review under 28 U.S.C. § 1915(a); and that Mr. Parker be permitted the opportunity to amend his claims, but only with respect to claims involving his placement in restricted housing. ECF No. 11. Mr. Parker was informed that objections to the Report and Recommendation were due by February 27, 2024. On February 27, 2024, Mr. Parker filed his Objection to Magistrate's Report and Recommendation, ECF No. 13, and, related to the current Report and Recommendation, Mr. Parker also filed a Motion for Extension of Time to File a Second Amended Complaint. ECF No. 12.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).

In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Mr. Parker does not pose any objection to the Magistrate Judge's Report and Recommendation, instead he gives notice of his intent to file an objection and/or second amended complaint.  ECF No. 13, at 1.  As February 27, 2024 was the deadline for filing an objection, any future objection would be untimely; therefore, the Court concludes that Mr. Parker has no objection to the Report and Recommendation.  Given the lack of objection, the Court will adopt the Report and Recommendation as the Opinion of the Court.  The Court will grant *in forma pauperis* status, dismiss the Amended Complaint, and permit Mr. Parker the opportunity to amend only his claims arising from his placement in restrictive housing.  All claims that do not relate to Mr. Parker's placement in restricted housing will be dismissed without prejudice and he may file separate lawsuits as to those claims if he so chooses, but such claims are not to be presented in a second amended complaint in this current lawsuit.  The claims Mr. Parker is permitted to include in any second amended complaint are the facts and causes of actions set forth in Counts II, III, XI, and XIII of his current Amended Complaint.

Accordingly, the following Order is hereby entered.

**ORDER**

AND NOW, this 1st day of March 2024, it is ORDERED that the Report and Recommendation, ECF No.11, filed on February 8, 2024, is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED as follows:

**I.** Mr. Parker's Motion for Leave to Proceed in forma pauperis (ECF No. 1) is GRANTED.

**II.** All claims stated in the Amended Complaint are dismissed under 28 U.S.C. § 1915(a), as explained in detail in the Report.  The Amended Complaint (ECF No. 10) is hereby DISMISSED.

As stated in the Report, the following claims, which are not related to Mr. Parker's placement in restricted housing, are dismissed without prejudice as violative of Rule 20: Counts IV, V, VI, VII, VIII, IX, X, XII and XIV.  ECF No. 11, at 8 n. 2.  Said claims may be raised in a separate lawsuit but are not permitted to be raised in a second amended complaint.

**III.** Plaintiff is hereby granted leave to file a second amended complaint, consistent with the Magistrate Judge's Report, on or before April 18, 2024.  Any amended claims are limited to claims involving Mr. Parker's placement in restricted housing in Counts II, III, XI, and XIII.  If no amended complaint is filed by April 18, 2024, this Order dismissing the Amended Complaint will become final and this case will be closed.

IT IS FURTHER ORDERED that, since the Court has set a deadline for filing a second amended complaint, Mr. Parker's Motion for Extension of Time to File a Second Amended Complaint (ECF No. 12) is DENIED as moot.

This matter is returned to the Magistrate Judge for further proceedings.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Stephen Parker, pro se
GU-1465
SCI DALLAS
1000 FOLLIES ROAD
DALLAS, PA 18612