IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | | |
|---|---|---|
| STEPHEN PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | 2:23-CV-01654-MJH |
| | ) | |
| vs. | ) | |
| | ) | |
| E. TICE, FACILITY MANAGER SCI SOMERSET; M. HOUSER, DSCS SCI SOMERSET; M. PYLE, CCPM SCI SOMERSET; MAJOR J. TILLER, SCI SOMERSET; MAJOR R. SNYDER, SCI SOMERSET; CAPTAIN M. BROTHERS, SCI SOMERSET; LT. TURNER, SECURITY SCI SOMSERSET; MS. HENDERSON, UNIT MANAGER SCI SOMERSET; MR. SHEARER, COUNSELOR SCI SOMERSET; C. SCHENCK, GRIEVANCE OFFICER SCI SOMERSET; R. GILMORE, FACILITY MANAGER SCI GREENE; M. ZAKEN, FACILITY MANAGER SCI GREENE; MR. BUZAS, DSFM SCI GREENE; MR. SWITZER, MAJOR SCI GREENE; MAJOR M. MALANOSKI, SCI GREENE; MR. LEGGETT, MAJOR SCI GREENE; MR. KENNEDY, CAPTAIN SCI GREENE; MR. JOHNSON, CSP SCI GREENE; LT. P. BRAUNLICH, SCI GREENE; MR. GUMBARVIC, STGMU UNIT MANAGER SCI GREENE; R. MCCUMBIE, UNIT MANAGER SCI GREENE; S. LONGSTRENGTH, UNIT MANAGER SCI GREENE; MR. RICHARDS, UNIT MANAGER SCI GREENE; MR. GUNTON, UNIT MANAGER SCI GREENE; MR. SIBANDA, UNIT MANAGER SCI GREENE; MR. COULEHAN, STGMU COUNSELOR SCI GREENE; MR. PHILLIPS, CORRECTIONS OFFICER SCI GREENE; MR. ESTE, CORRECTIONS | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

1

| | |
|---|---|
| OFFICER SCI GREENE; MS. COLE, CORRECTIONS OFFICER SCI GREENE; MR. PLUCK, SGT SCI GREENE; MS. SHAWLEY, GRIEVANCE OFFICER SCI GREENE; MS. GREENAWALT, GRIEVANCE OFFICER SCI GREENE; MR. SANTOYO, SCI GREENE; M. CAPOZZA, FACILITY MANAGER SCI FAYETTE; J. TREMPUS, DSFM SCI FAYETTE; S. MANKY, MAJOR SCI FAYETTE; P. AURANDT, UNIT MANAGER SCI FAYETTE; C. DISALVO, GRIEVANCE OFFICER SCI FAYETTE; R. HOUSE, GRIEVANCE OFFICER SCI FAYETTE; KERI MOORE, CHIEF GRIEVANCE OFFICER CENTRAL OFFICE; D. VARNER, CHIEF GRIEVANCE OFFICER CENTRAL OFFICE; B. RUDZIESKI, HEARING EXAMINER CENTRAL OFFICE; AND Z. MOSLAK, CHIEF HEARING EXAMINER CENTRAL OFFICE;<br><br>                Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **MEMORANDUM AND ORDER**

Presently pending before the Court is Plaintiff Stephen Parker's motion to appoint counsel (ECF No. 14). The motion states in full:

> I, Stephen Parker, a pro se petitioners, petitions and request this Honorable Court to Appoint Counsel and points to the following in support:
>
> The plaintiff has been permitted to proceed in forma pauperis pursuant to 28 U.S.C. § 1915e(1), which allows this court to appoint counsel to any person unable to hire an attorney  When deciding to appoint counsel this court should consider:
>
> 1. Is the plaintiff a layman in the study and understanding of the law,
> 2. How complicated are the issues,
> 3. Will the case require an investigation,
> 4. Will credibility of witnesses be important,
> 5. Can the plaintiff afford to hire an attorney.

2

> These factors are found in *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).
>
> The plaintiff initiated this civil rights action back on March 22, 2023, a filing the court claimed it never received. The plaintiff followed the court's instructions and refiled his complaint on September 10, 2023.
>
> The court conducted an initial prescreening of the complaint pursuant to 28 U.S.C. § 1915A, and held plaintiff's claims are to disparate in subject matter and parties to proceed in one lawsuit and therefore, was in violation of joinder set forth in Fed. R. Civ. P. 20(a)(2).
>
> On January 28, 2024, the plaintiff submitted his first amended complaint. On February 8, 2024, the court stated the plaintiff's amended complaint should be dismissed for violating Fed. R. Civ. P. 20 and 8.
>
> While the Hon. Cynthis Reed Eddy (USMJ), stated the plaintiff may file a second amended complaint, she submits a Report and Recommendation advising the Hon. Marylyn J. Horan (USDJ), to dismiss all of the plaintiff's claims except those involving his unjust placement and duration in the Restricted Housing Unit (STGMU). The plaintiff was instructed to file an objection before February 27, 2024, or all of his appellate rights would be waived.
>
> As stated above, the plaintiff's claims, except those involving his placement and duration in the Restricted Housing Unit, are at risk of being overlooked or dismissed. However, all of the plaintiff's claims were caused or directly related to his placement in the Restricted Housing Unit.
>
> This Honorable Court is well aware that when a plaintiff's case appears to have merit, and most of the aforementioned factors have been met, the court should make every attempt to obtain counsel.
>
> For these reasons, I, Stephen Parker, pray this Honorable Court will appoint counsel to represent me in this matter.

(ECF No. 16 at 1-2).

For the reasons that follow, the motion is denied without prejudice.

## Legal Standard

Initially, the Court begins from the established premise that "[i]ndigent civil litigants

possess neither a constitutional nor a statutory right to appointed counsel." *Parkell v. Danber*, 833 F.3d 313, 340 (3d Cir. 2016) (quoting *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002)). District courts have "broad discretion to determine whether appointment of counsel in a civil case would be appropriate." *Id.* (quoting *Montgomery,* 294 F.3d at 498). However, in some instances the need for representation is great and district courts are granted broad discretion to request the appointment of attorneys indigent civil litigants. 28 U.S.C. § 1915(e)(1). The court's decision whether to appoint counsel is to be given wide latitude and will only be overturned if its ruling is clearly an abuse of discretion. *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993), *cert. denied*, 510 U.S. 1196 (1994). In *Tabron*, our court of appeals established the framework for determining whether the appointment of *pro bono* counsel is warranted. *Id*. at 158.

Before applying the *Tabron* factors, as a threshold matter, the Court must first determine if the Plaintiff's claim has arguable merit in fact and law. *Id*. at 155. Upon a favorable finding, the Court then proceeds to consider the factors enunciated in *Tabron*, which include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses. *Montgomery*, 294 F.3d at 499 (quoting *Tabron*, 6 F.3d at 155-56). This list is not exhaustive, nor is any one factor determinative. *Parham v. Johnson*, 126 F.3d 454, 458 (3d Cir. 1997).

The Court of Appeals for the Third Circuit has also emphasized, "that volunteer lawyer time is extremely valuable" and for that reason, "district courts should not request counsel under § 1915[(e) indiscriminately." *Tabron*, 6 F.3d at 157. Finally, "we must take note of the significant

practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal court; and the limited supply of competent lawyers who are willing to undertake such representation without compensation." *Id.*

## Discussion

As discussed above, as an initial matter, the Court must determine whether Plaintiff's Complaint is meritorious. When evaluating the merit of a pro se plaintiff's complaint, courts traditionally give "greater leeway where they have not followed the technical rules of pleading and procedure." *Tabron*, 6 F.3d at 154; *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972). Two iterations of Plaintiff's complaint did not survive an initial prescreening, and he was ordered to file a second amended complaint and he has not yet done so. However, for purposes of this Order only, the Court will assume, without deciding, that Plaintiff's Complaint has merit in both fact and law. Consequently, the Court will proceed upon the analytical course charted in *Tabron*.

(A) <u>Plaintiff's Ability to Present His Own Case</u>

The ability of a plaintiff to present his own case is arguably the most significant of the *Tabron* factors. *Montgomery*, 294 F.3d at 501. This determination is based on several criteria including plaintiff's education, literacy, prior work experience, prior litigation experience, ability to understand English and restraints placed on him by incarceration (i.e., access to resources such as a typewriter, telephone and computer). *Tabron*, 6 F.3d at 156; *see also Parham v. Johnson*, 126 F.3d at 459. However, it is not necessary that Plaintiff have the skills and expertise of a trial lawyer; only that he possess the baseline abilities to adequately present his case. *See Gorden v. Gonzalez*, 233 F. App'x at 157 (the decision point is not whether plaintiff is a trial lawyer).

At this juncture, Plaintiff has actively litigated his claims and has demonstrated a basic understanding of his claims and the law. He does not illustrate any literacy issues or the inability

to understand English. Based solely on Plaintiff's ability to litigate his claim thus far, it appears that Plaintiff possesses the ability to present his case, particularly at this stage of the litigation. The Court finds that this factor weighs against the appointment of counsel.

(B)   The Difficulty of the Particular Legal Issues

Where cases involve complicated legal issues, courts should be "more inclined to appoint counsel." *Tabron*, 6 F.3d at 156. This will benefit all parties involved. *Parham*, 126 F.3d at 459. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." *Id.* At this stage of the litigation, and based on the Court's Order allowing Plaintiff to file a second amended complaint related only to those claims involving his placement in restricted housing (ECF No. 15), Plaintiff's claims do not present any particularly difficult factual or legal issues. Accordingly, this factor weighs against the appointment of counsel.

(C)   The Necessity and Ability of the Plaintiff to Pursue Factual Investigation

Courts must consider the extent of factual investigation necessary to prosecute a claim and the ability of the indigent plaintiff to pursue the investigation. *Tabron*, 6 F.3d at 156. Situations which are "likely to require extensive discovery and compliance with complex discovery rules" gravitate toward the appointment of counsel. *Id.* The Court notes that any factual investigation pertaining to Plaintiff's claims appear straightforward and will require the standard discovery requests, such as interrogatories and document requests. Plaintiff was a party to the incidents from which his claims arise, and he is thus familiar with the facts of the case. Courts have found that Plaintiff's first-hand knowledge of events decreases his burden regarding factual discovery. *See Gonzalez v. Passaic Cnty. Prob.*, Civ. No. 04-3001, 2005 WL 2077294, at *7 (D.N.J. Aug. 25, 2005). This factor weighs against the appointment of counsel.

(D)   Plaintiff's Capacity to Retain Counsel on his Own Behalf

The appointment of counsel is not for situations where the plaintiff can easily afford and attain counsel. *Tabron*, 6 F.3d at 157. In these cases, the court must recognize and preserve the "precious commodity" of volunteer legal advocates. *Parham*, 126 F.3d at 458. Here, the Plaintiff is indigent and is proceeding *in forma pauperis*. As the court of appeals noted in *Gordon*, "indigent litigants by definition will almost always be able to satisfy" this factor. *Gordon,* 232 F. App'x at 157. This factor weighs in favor the appointment of counsel.

(E)     The Extent This Case is Likely to Turn on Credibility Determinations

Cases where adjudication relies solely on credibility determinations favor the appointment of counsel. *Lasko v. Watts*, 373 F. App'x 196, (3d Cir. 2010). Regarding the credibility determination factor, "[w]hile the case ultimately may have relied upon credibility, it is difficult to imagine a case that does not. Thus, when considering this factor courts should determine whether the case was solely a swearing contest." *Parham*, 126 F.3d at 460. This case does not appear to be exclusively a swearing contest; for example, discovery may reveal documents or other witnesses that support or refute Plaintiff's claims. Consequently, at present, this factor weighs against the appointment of counsel.

(F)     Expert Witness Testimony

The necessity of cross-examining expert witnesses may favor the appointment of counsel. *Tabron*, 6 F.3d at 156. However, the appointment of counsel is not necessary in every case warranting expert testimony. *Lasko*, 373 F. App'x at 202. At this stage, the necessity for expert witness testimony is uncertain and any predictions by the Court would be premature. Thus, in this case, the Court finds that this factor neither weighs in favor nor against appointing counsel.

Moreover, Local Civil Rule 10(c) states that "[a]bsent special circumstances, no motions for the appointment of counsel will be granted until after dispositive motions have been resolved.

7

In this case, the Court finds no special circumstance exist which require the appointment of counsel at this time.

## Conclusion

On balance, the *Tabron* factors weigh against granting Plaintiff's motion for appointment of counsel. Additionally, Plaintiff has provided no special circumstances which would require appointment of counsel at this stage of the litigation.

In light of the admonition of the Court of Appeals that volunteer counsel time is extremely valuable, and should not be appointed indiscriminately, the Court must deny Plaintiff's application. The Court notes, however, that pursuant to the authority granted by 28 U.S.C. § 1915(e), the Court retains the discretion to appoint counsel at any point in the litigation *sua sponte*. Additionally, as the case proceeds, Plaintiff may file a new motion for appointment of counsel.

For the foregoing reasons, Plaintiff's motion for appointment of counsel will be denied without prejudice. An appropriate Order follows.

## ORDER OF COURT

**AND NOW**, this 4th day of March, 2024, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 14) is **DENIED** without prejudice.

BY THE COURT:

/s Cynthia Reed Eddy
United States Magistrate Judge

cc:   STEPHEN PARKER
       GU-1465
       SCI DALLAS
       1000 Follies Road
       Dallas, PA 18612